## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                              Case No.  14-20339

v.

                              HONORABLE DENISE PAGE HOOD

RAMADAN T. SHABAZZ (D-1),

     Defendant.

_____/

## ORDER DENYING AMENDED MOTION FOR
## REVOCATION OF DETENTION ORDER
## AND
## EXTENDING PLEA CUT-OFF DATE

On April 23, 2014, a Complaint was filed against Defendants Ramadan Shabazz ("Shabazz"), Catherine Taliercio ("Taliercio") and Angel Ligon ("Ligon) for Conspiracy to Commit Offense or to Defraud the United States, 18 U.S.C. § 371 and Uttering/Possessing a Counterfeit Security of an Organization with Intent to Deceive Another Person or Organization, 18 U.S.C. § 513(a). Ramadan Shabazz consented to detention pending trial. (Doc. No. 15) Ramadan Shabazz moved to revoke the detention order on July 25, 2014 (Doc. No. 41) which was denied by the Court on August 29, 2014. (Doc. No. 47)

A First Superseding Indictment[1] was entered on September 28, 2015 against Defendants Ramadan Shabazz, Angel Ligon and Saadiq Shabazz alleging: Uttering and Possessing Counterfeited Securities of the United States and Private Entities, 18 U.S.C. § 513(a) (Count One/All 3 Defendants); Wire Fraud, 18 U.S.C. § 1343 (Count Two/All 3 Defendants); Conspiracy to Defraud the United States, 18 U.S.C. § 371 (Count Three/All 3 Defendants); Tampering with a Witness by Physical Force or Threat, 18 U.S.C. § 1512 (Count Four/Saadiq Shabazz); and Forfeiture Allegations, 18 U.S.C. § 981, 28 U.S.C. § 2461. (Doc. No. 78) Currently before the Court is Ramadan Shabazz's Renewed Amended Motion for Revocation of Detention Order seeking to have his mother, Adrienne Johnson, act as a third-party custodian (which was amended from his previous motion to have his fiancé, Laferia Myers, act as a third-party custodian). (Doc. Nos. 85, 86) The Government filed a response opposing the motion.

Because this motion is a renewed motion for bond before the Court, the standard is no longer a "de novo" review from a magistrate judge's order detaining a defendant. The Local Rules provide that a motion for reconsideration must be filed 14 days from date the order to be reconsidered was filed. E.D. Mich. LR 7.1. The

---

[1] Defendant Catherine Taliercio was named in the original Indictment and was sentenced on July 21, 2015.

instant motion is beyond the 14 days from the August 2014 order denying Ramadan Shabazz's first motion for revocation of detention order.

However, a district court may reopen a detention hearing at any time prior to trial. 18 U.S.C. § 3142(f). Reopening of a detention hearing is appropriate only if the court determines "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person is required and the safety of any other person and the community." 18 U.S.C. § 3242(f).

Ramadan Shabazz argues his mother, Adrienne Johnson, could act as a third-party custodian of Shabazz and that Pretrial Services is able to verify Ms. Johnson's employment and address. Ramadan Shabazz also claims that he could be employed by the salon owned and operated by his fiancé, Laferia Myers. The information regarding Adrienne Johnson and Laferia Myers are not new to this Court. Pretrial Services performed Third-Party Investigations in August and October 2014 at the Court's request, verifying information on both Ms. Johnson and Ms. Myers. The Pretrial Services Report indicates Ms. Johnson is employed by the Forth Worth School District and resides with her husband in Forth Worth, Texas. Ms. Johnson has a criminal history of misdemeanor offenses.

The Pretrial Services Report also indicates that Ms. Meyer has a prior felony

record for forgery of financial instrument, the same crime at issue in this case.  Ms. Meyer was discharged from a 5-year probation term in 2011.  Ms. Meyer operates a salon in Arlington, Texas.  The documents submitted by Pretrial Services indicate that Ramadan Shabazz signed the lease for the salon and that a manager at the salon confirmed Shabazz owned the salon.

Ramadan Shabazz has not submitted any new information which was not known to him or presented to the Court at the various hearings and status conferences held by the Court.  Reopening the detention hearing is not appropriate under § 3142(f).  For the reasons set forth previously on the record and below, the Court finds that there are no condition or combination of conditions that will reasonably assure the appearance of Ramadan Shabazz as required by the Court.  18 U.S.C. § 3142(e).  In addition to the findings set forth on the record, the Court makes the following findings under 18 U.S.C. § 3142(g).

As to the nature and circumstances of the offenses charged, the First Superseding Indictment alleges that Defendants carried out a scheme whereby they would open a bank account for the purpose of executing and effecting the counterfeit scheme.  Defendants would manufacture counterfeit business checks using the account and routing numbers from the previously opened bank account.  The counterfeit checks would then be presented to third-party businesses, with the intent to defraud

said business by negotiating the checks into cash.  Defendants are alleged to have

knowingly and willfully defrauded banks insured by the FDIC by passing counterfeit

business checks using Wells Fargo bank accounts.

As to the weight of the evidence against the person–the Indictment establishes

probable cause for the offenses.  *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.

1985).  Regarding the history and characteristics of the person, according to the

Pretrial Services Report, Ramadan Shabazz's criminal history since 2002 through

2007 shows he has committed several crimes involving forgery of financial

instruments, larceny, counterfeit, fugitive from justice and failure to appear.  The

Texas probation officer indicates that Ramadan Shabazz failed to verify his

employment and income from his various ventures.  The Texas probation officer

indicated Ramadan Shabazz never reported to him that he owned a salon.

Regarding the nature and seriousness of the danger posed by the person's

release–although Ramadan Shabazz does not appear to have a violent criminal history,

he has several charges involving forgeries of checks and other instruments.  Ramadan

Shabazz's criminal history shows he is a risk of flight.  If  ordered to remain in this

District, there is a risk of flight since Ramadan Shabazz has no ties to this District.

His mother and fiancé reside in Texas.  Ramadan Shabazz has a history of failure to

appear and as a fugitive.  Based on the findings stated on the record on previous

hearings before the Court, and, as set forth above, the Court denies Ramadan Shabazz's Renewed Amended Motion to Revoke Detention Order.

Accordingly,

IT IS ORDERED that Defendant Ramadan Shabazz's Renewed Motion for Revocation of Detention Order (**Doc. No. 85**) is WITHDRAWN and the Renewed Amended Motion for Revocation of Detention Order (**Doc. No. 86**) is DENIED.

IT IS FURTHER ORDERED that the Plea Cut-Off date as to Ramadan Shabazz is extended to December 9, 2015. All other dates remain.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  December 3, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 3, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager